**In re HLC PROPERTIES, INC., Debtor.**

**Bankruptcy No. 385–30233–A–11.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Dec. 23, 1985.

Charles R. Gibbs and Steven D. Chantelois, Jenkens & Gilchrist, Dallas, Tex., for debtor.

Gary R. Terrell and Jack P. Driskill, McWhorter, Cobb & Johnson, Lubbock, Tex., for City Nat. Bank of Plainview, Texas.

## OPINION REGARDING TRANSFER OF REAL PROPERTY

HAROLD C. ABRAMSON, Bankruptcy Judge.

On 20 December 1985 came on for consideration Debtor's Application for Authority to Transfer Real Property, wherein Debtor proposed to sell certain real property encumbered by a lien securing the claim of City National Bank of Plainview. The Application recites that the proceeds of the sale will be paid over to the bank, and that Debtor's indebtedness will be reduced by a corresponding amount. The Application further states that "[s]aid proposed sale of real property is in the ordinary course of HLC's business. However, the title company has refused to issue clean title opinion for the property without an order from this Court declaring that HLC is authorized to sell the lot in question."

At the outset, the Court reminds both counsel and the various title companies of its earlier ruling in another case. In *In re Murchison*, 54 B.R. 721 (Bkrtcy.N.D.Tex. 1985) the Court clearly expressed its unwillingness to entertain applications to sell and for orders approving sale merely to placate a title company and compensate for the unwillingness or inability of the latter to understand the effect and significance of bankruptcy. Here the Court is confronted with an application to sell by a debtor-in-possession. Bankruptcy Code Section 1107(a) clearly empowers a debtor-in-possession to exercise all rights and powers of a trustee, with certain exceptions not relevant here. Section 1108 expressly authorizes a trustee, and therefore the debtor-in-possession, to operate the business of the debtor. Moreover, Section 363(c)(1) explicitly authorizes the trustee, and therefore the debtor-in-possession, to "enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing ..." Unless the title company is uncertain as to whether Debtor is a debtor-in-possession, there is plainly no basis whatsoever for its qualms. If the title company wishes reassurance as to Debtor's status, the Court suggests a certificate obtained from the clerk, pursuant to Rule 2011, will be sufficient. This Court will not, however, hold this or any title company's hand and provide a substitute for a legal opinion by the title company's counsel. Where, as here, a debtor-in-possession seeks, in the ordinary course of business, to sell property, there is no need to further burden the docket or the staff of the Court with a superfluous order merely to comfort the title company. If this title company refuses to issue an opinion, the Court suggests to counsel that title companies are by no means a rare commodity, and perhaps the business should be taken to a company more willing or capable of understanding the law.

The bar should be aware as well that the Court has now addressed these issues on more than one occasion. It should swiftly become apparent that the Court regards motions such as this to be without merit and bordering on the frivolous. While it would be unfair to counsel involved here to bear the brunt of being an example, the bankruptcy courts of this district carry too

great a burden to indulge unnecessary applications.

For reasons stated above, the Application will be passed, and no order will be entered thereon.